Miguel Angel OCAMPO–
DURAN, Petitioner,

v.

John ASHCROFT, Attorney
General,* Respondent.

No. 99–70981.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2001

Filed April 13, 2001

Order Filed June 28, 2001

John D. Mansfield, San Diego, Califor-
nia, for the petitioner.

Shelley R. Goad, U.S. Department of
Justice, Office of Immigration Litigation,
Civil Division, Washington, D.C., for the
respondent.

Before: PREGERSON, CANBY, and
THOMPSON, Circuit Judges.

---

* John Ashcroft is substituted for his predeces-
sor, Janet Reno, as Attorney General of the
United States, pursuant to Fed. R.App. P.
43(c)(2).

## ORDER

At the request of the Immigration and Naturalization Service, the Memorandum disposition filed April 13, 2001, is redesignated as an authored Opinion by Judge Harry Pregerson.

## OPINION

PREGERSON, Circuit Judge:

Petitioner Miguel Angel Ocampo–Duran is a native and citizen of Mexico. He entered the United States without inspection in 1981. In 1989, Ocampo–Duran adjusted his status to that of a legal permanent resident. The Immigration and Naturalization Service ("INS") initiated removal proceedings against Ocampo Duran on December 29, 1998 by serving him with a Notice to Appear. The Notice to Appear charged that Ocampo–Duran was removable pursuant to INA § 237(a)(2)(A)(iii) because he was convicted of an aggravated felony after being admitted.[1] Specifically, the Notice to Appear alleged that Ocampo–Duran was convicted in 1995 of violating California Penal Code § 245(a)(1) by committing an assault with a deadly weapon, and that he was sentenced to one year in prison.

During removal proceedings before the Immigration Judge ("IJ"), the INS introduced two documents to prove Ocampo–Duran's conviction. First, the INS introduced an "Order of Probation" indicating that Ocampo–Duran was convicted of violating California Penal Code § 245(a)(1), a felony offense of assault with a deadly weapon. Second, the INS introduced the minutes of the pronouncement of judgment against Ocampo–Duran, which indicated that he received a one-year prison sentence for his conviction. The IJ found that the INS's documents established Ocampo–

Duran's conviction of an aggravated felony by clear and convincing evidence. Accordingly, the IJ ordered Ocampo–Duran removed to Mexico. The Board of Immigration Appeals ("BIA") dismissed Ocampo–Duran's petition, and he appeals.

INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), provides: "[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section ... 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)] . . . ." This provision eliminates our jurisdiction in cases involving the removal of aliens who have been convicted of certain criminal offenses. *Flores–Miramontes v. INS*, 212 F.3d 1133, 1135 (9th Cir.2000). We retain jurisdiction to determine our own jurisdiction. *Lujan–Armendariz v. INS*, 222 F.3d 728, 734 (9th Cir.2000) (citations omitted). In other words, we retain jurisdiction to determine whether Ocampo–Duran is (1) an alien (2) who is removable (3) because of a conviction for an offense enumerated in the statute.

Ocampo–Duran argues that he is not removable pursuant to INA § 237(a)(2)(A)(iii) because he was never technically "admitted" for purposes of the statute. Section 237(a)(2)(A)(iii) provides: "Any alien who is convicted of an aggravated felony at any time after admission is deportable." Ocampo–Duran argues that he entered the United States without inspection, and was therefore never "admitted" to the United States for purposes of § 237(a)(2)(A)(iii). We reject this argument. Ocampo–Duran was "lawfully admitted" as a legal permanent resident before he was convicted of committing an

---

**1.** INA § 237(a)(2)(A)(iii) provides: "Any alien who is convicted of an aggravated felony at any time after admission is deportable."

aggravated felony. *See* INA § 101(a)(20) (defining "lawfully admitted for permanent residence" to mean "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant...."). Ocampo–Duran has not explained why Congress would create a loophole in the removal laws for aliens who enter the country without inspection, adjust their status, and then commit aggravated felonies. Accordingly, we reject Ocampo–Duran's overly-narrow interpretation of § 237(a)(2)(A)(iii).

 Ocampo–Duran also argues that the INS did not prove by clear and convincing evidence that he was convicted of committing an aggravated felony. The INS must prove that an alien is removable by clear and convincing evidence. *Woodby v. INS*, 385 U.S. 276, 286, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). The INS introduced two documents reflecting that Ocampo–Duran was convicted of committing an aggravated felony. The IJ found that these documents proved Ocampo–Duran's conviction by clear and convincing evidence. Ocampo–Duran has not explained why it was incorrect for the IJ to rely on these documents. *See* INA § 240(c)(3)(B) (permitting the INS to prove the existence of a conviction using an array of official documents prepared under a court's direction reflecting the existence of a conviction). Accordingly, we see no reason to disturb the IJ's holding.

 Because Ocampo–Duran is an alien who is removable because of a conviction for an offense enumerated in INA § 242(a)(2)(C), we do not have jurisdiction over his petition for review.

PETITION DISMISSED.