**Francisco Humberto HERNANDEZ, aka Francisco Humbert Hernandez, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71482.

INS No. A93–242–016.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted April 7, 2003.\*

Decided April 17, 2003.

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM\*\*

Francisco Humberto Hernandez, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's denial of his motion to terminate removal proceedings. We have jurisdiction under 8 U.S.C.

§ 1252. *See Ocampo–Duran v. Ashcroft,* 254 F.3d 1133, 1134 (9th Cir.2001) (noting that "[w]e retain jurisdiction to determine our own jurisdiction"). We review de novo, *Ramirez–Castro v. INS,* 287 F.3d 1172, 1174 (9th Cir.2002), and we dismiss the petition.

Hernandez contends that he is not removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony at any time after "admission," because he entered the United States without inspection, and then adjusted to lawful permanent resident status under the Special Agricultural Worker program. We disagree. Because Hernandez was "lawfully admitted" as a legal permanent resident through adjustment of status before he was convicted of an aggravated felony, the BIA correctly denied Hernandez's request to terminate removal proceedings. *See Ocampo–Duran,* 254 F.3d at 1134–35. We dismiss the petition for lack of jurisdiction. *See id.* at 1135.

**PETITION DISMISSED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.