UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MAURICE WILSON IGUADE,
  *Petitioner,*

v.

JOHN ASHCROFT, Attorney General,
  *Respondent.*

No. 03-1070

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A92-005-771)

Submitted: July 31, 2003

Decided: October 28, 2003

Before LUTTIG, NIEMEYER, and SHEDD, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

### COUNSEL

Thomas A. Elliott, Fabienne Chatain, ELLIOT & MAYOCK, Washington, D.C., for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, Mary Jane Candaux, Senior Litigation Counsel, Audrey B. Hemesath, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Maurice Wilson Iguade, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals (Board) finding him ineligible for relief from removal. Iguade entered the United States at an unknown place and time and on September 13, 1990, was granted lawful permanent resident status. On April 20, 1995, Iguade was convicted of mail fraud and aiding and abetting mail fraud in the United States District Court for the District of Columbia. Following the issuance of a Notice to Appear charging him with removability from the United States, Iguade appeared before an Immigration Judge (IJ) and admitted the factual allegations against him, including the fact that he was an alien and had been convicted of an aggravated felony.

Iguade, however, contests his removability, arguing that he was never "admitted" to the United States and was therefore not removable by virtue of his aggravated felony conviction because such conviction must occur "at any time after admission" to the United States. 8 U.S.C. § 1227(a)(2)(A)(iii) (2000). Iguade insists that he was never admitted because there is no evidence in the record that he lawfully entered this country after inspection and authorization by an immigration officer. *See* 8 U.S.C. § 1101(a)(13)(A) (2000). Because he claims he is not removable due to his conviction, Iguade contends that immigration provisions precluding judicial review of final orders of removal of certain criminal aliens do not apply to him and that he thus may press his claim in this court. *See* 8 U.S.C. § 1252(a)(2)(C) (2000); 8 U.S.C. § 1227(a)(2)(A)(iii). Thus, Iguade asserts that the nature of his claim permits judicial review.

We indeed retain jurisdiction to determine whether the jurisdictional facts precluding review are present in a particular case. *See Lewis v. INS*, 194 F.3d 539, 541-42 (4th Cir. 1999). However, we conclude that Iguade's claim disputing his removability is without merit. *See Ocampo-Duran v. Ashcroft*, 254 F.3d 1133, 1134-35 (9th Cir. 2001); *In re Rosas*, 22 I. & N. Dec. 616 (BIA 1999).

As the facts precluding review are indeed present here, we grant the Attorney General's motion to dismiss the petition for review for

lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DISMISSED*