Maria Elba Rosas **ROBLES,** also known as **Maria Elvia Roshs Robles,** also known as **Maria Elva Topete, Petitioner,**

v.

John **ASHCROFT, Attorney General, Respondent.**

No. 02–71522.

United States Court of Appeals, Ninth Circuit.

Argued May 15, 2003.

Submitted April 7, 2004.

Decided April 9, 2004.

Marc Van Der Hout, Esq., Van Der Hout & Brigagliano, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Stephen J. Flynn, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. During the pendency of this appeal, respondent "inadvertent[ly]" deported petitioner.

Before TASHIMA, BERZON, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Petitioner Rosas Robles seeks review of the Board of Immigration Appeals' (BIA or Board) summary affirmance without opinion (AWO) of an immigration judge's (IJ) ruling pretermitting her application for relief under former Immigration & Naturalization Act (INA) § 212(c), *previously codified at* 8 U.S.C. § 1182(c) (1994), and ordering her removed from the United States on the basis of her conviction for an aggravated felony. *See* 8 C.F.R. § 1003.1(a)(7) (establishing AWO procedure); INA § 237(a)(2)(A), (B), 8 U.S.C. § 1227(a)(2)(A), (B) (2003) (providing for removal of persons convicted of aggravated felonies). As the parties are familiar with the facts, we recite them only as necessary to explain our decision.[1]

1. Under INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), we have no jurisdiction to review a removal order against an alien removable by virtue of § 1227(a)(2)(A)(iii). Nonetheless, we retain jurisdiction to determine *whether* we have jurisdiction, including jurisdiction to determine whether the IJ properly admitted documentary evidence of Rosas Robles's conviction. *See Murillo–Espinoza v. INS,* 261 F.3d 771, 773 (9th Cir.2001); *Ocampo–Duran v. Ashcroft,* 254 F.3d 1133, 1135 (9th Cir. 2001). When an IJ's determination of the admissibility of evidence is based on a purely legal ground, we review de novo. *See Khan v. INS,* 237 F.3d 1143, 1144 (9th Cir.2001).

We retain jurisdiction notwithstanding Rosas Robles's having been removed. *See* INA § 242(d), 8 U.S.C. § 1252(d); *Andreiu v. Ashcroft,* 253 F.3d 477, 484 (9th Cir.2001) (en banc).

Rosas Robles argues that the certification of her conviction before the IJ failed to comply with 8 C.F.R. § 1003.41(b) or (c) (2003).[2] As an initial matter, § 1003.41(c) applies only to documents "submitted by electronic means to the Service." As there is no evidence that the certification here *was* submitted electronically, § 1003.41(c) is inapplicable.

Under 8 U.S.C. § 1229a(c)(3)(B), a "certified copy" of a record of conviction constitutes proof of conviction for purposes of removal proceedings. Section 1003.41(b) specifies that the certification requirement is satisfied if a copy of a record is "attested in writing by an immigration officer to be a true and correct copy of the original." The photocopy of a document entitled "Judgment in a Criminal Case" offered at petitioner's removal hearing was certified by one "Robert Kennedy SA I23," but the certification did not specify that Kennedy was an "immigration officer." For that purpose, the INS offered a form I–213, identifying a Robert Kennedy, SA as an INS officer.

There was no effort made to authenticate the I–213, so it may have been inadmissible had a proper objection been raised. *See Espinoza v. INS*, 45 F.3d 308, 309–10 (9th Cir.1995) (holding that immigration forms must be authenticated). However, Rosas Robles did not object to the lack of authentication of that document. At the hearing, she objected *"only* because [the I–213] does not have any *relevant* information on this case"* (emphasis added). *See Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1440 (9th Cir.1990) (holding that objection on grounds of relevance does not preserve an objection for lack of authentication); *United States v. McGregor*, 529 F.2d 928, 929 n. 3 (9th Cir.1976) (same). Since Rosas Robles did not argue, to the IJ or the BIA, that the I–213 was improperly authenticated, she has waived that argument before us. *Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002).

The I–213 *was* relevant as circumstantial evidence to prove that Special Agent Robert Kennedy is an immigration officer capable of certifying a record of conviction under § 1003.41(b). *See Corona–Palomera v. INS*, 661 F.2d 814, 816 (9th Cir. 1981) ("Identity of names is sufficient to prove identity of persons where no effort is made to rebut such proof."). The IJ therefore correctly concluded that the certification of conviction satisfied § 1003.41(b).

2. Rosas Robles concedes that the crime so certified is an aggravated felony under § 1227(a)(2)(A)(iii). Because her conviction was properly certified, we lack jurisdiction, under § 1252(a)(2)(C), to review Rosas Robles's other challenges to her removal order, in particular her argument that the AWO procedure violates due process. That argument would in any event be foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850 (9th Cir.2003). For the same reason, we lack jurisdiction to consider her argument that the IJ wrongly pretermitted her application for relief under former § 212(c). *See Cedano–Viera v. Ashcroft*, 324 F.3d 1062, 1070 (9th Cir.2003).

As we lack jurisdiction to hear it, the petition for review is

DISMISSED.

---

2. Section 1003.41 was formerly codified at 8 C.F.R. § 3.41 (2002).