MEMORANDUM **
Onnig Satamian, a native and citizen of Lebanon, petitions pro se for review of the Board of Immigration Appeals’ (“BIA”) decision dismissing his appeal from an immigration judge’s (“IJ”) order denying his applications for asylum, withholding of deportation, relief under the Convention Against Torture (“CAT”), and a waiver of inadmissibility. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We deny the petition for review in part, grant it in part, dismiss it in part, and remand for further proceedings.
The BIA’s January 2000 remand in this case instructed the IJ to reconsider Satamian’s asylum application and determine “whether [he] is deserving of asylum in the exercise of discretion.” The IJ then determined that Satamian did not “warrant[ ] a favorable exercise of discretion.” Satamian does not challenge this conclusion, which was adopted by the BIA, and has therefore waived any challenge. See Martinez-Serrano v. INS, 94 F.3d 1256, 1260 (9th Cir.1996). As a result, we need not consider whether the IJ properly de termined that Satamian was ineligible for asylum based on his 1993 conviction.
With respect to the agency’s determination that Satamian is ineligible for withholding of deportation because he committed a particularly serious crime, we have held that a conviction for violating California Penal Code § 245(a)(1) that carries a sentence of one year in prison is an aggravated felony. See Ocampo-Duran v. Ashcroft, 254 F.3d 1133, 1134-35 (9th Cir. 2001). As Satamian was convicted of this offense and sentenced to one year in prison, and an aggravated felony is a “particularly serious crime,” the agency correctly concluded that he was ineligible for withholding of deportation. See 8 U.S.C. § 1253(h)(2)(B) (1993).
Satamian contends that the IJ erred in denying him CAT relief because his allegations concern non-governmental actors. We agree that the IJ applied an incorrect legal standard by requiring “a clear probability of torture by a public official.” See Zheng v. Ashcroft, 332 F.3d 1186, 1196 (9th Cir.2003) (“The correct inquiry ... is whether a respondent can show that public officials demonstrate willful blindness to the torture of their citizens by third parties, or ... whether public officials would turn a blind eye to torture.” (internal quotation marks and citation omitted)). We therefore grant this aspect of the petition for review and remand for further proceedings. See id. at 1197.
Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review the merits of the agency’s denial of Satamian’s request for an inadmissibility waiver under § 1182(h). Satamian contends that his due process rights were violated because the agency failed to address potential hardship to his citizen *876 daughter. He did not, however, exhaust this argument before the BIA rendered the decision under review. We therefore lack jurisdiction to consider the claim. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004) (due process claims based on correctable procedural errors must be exhausted).
Each party bears its own costs on appeal.
PETITION FOR REVIEW DENIED in part; GRANTED in part; DISMISSED in part; REMANDED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.