NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL ABARCA-PEREZ,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.[*]

No. 11-74009

Agency No. A074-804-527

MEMORANDUM[**]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2015[***]
Pasadena, California

Before: TASHIMA, TALLMAN, and NGUYEN, Circuit Judges.

Daniel Abarca-Perez petitions for review of the Board of Immigration

Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") decision

---

[*]   Loretta E. Lynch is substituted for Eric H. Holder, Jr. as Attorney General.  Fed. R. App. P. 43(c)(2).

[**]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

finding him removable.  Reviewing the IJ's decision, *see Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011), we dismiss in part, and deny in part.

1.  Abarca argues that the IJ erred in finding him removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for being an "alien who is convicted of an aggravated felony at any time after admission."[1]  He contends that this section cannot apply to him because he illegally entered the United States without inspection or authorization by immigration officials and was therefore never "admitted" into the country.  However, Abarca's adjustment to lawful permanent resident ("LPR") status in 1998 constitutes an "admission" for purposes of 8 U.S.C. § 1227(a)(2)(A)(iii).  *See Ocampo-Duran v. Ashcroft*, 254 F.3d 1133, 1134-35 (9th Cir. 2001) (concluding that an adjustment to LPR status constitutes admission for purposes of § 1227(a)(2)(A)(iii) when an alien originally entered the United States illegally and without inspection or authorization).

2.  Abarca also argues that the IJ erred in denying his request for a continuance so that he could marry his U.S. citizen girlfriend and then apply for

---

[1]  We have no jurisdiction to review removal orders for aliens who have been convicted of aggravated felonies under 8 U.S.C. § 1227(a)(2)(A)(iii).  *See* 8 U.S.C. § 1252(a)(2)(C).  However, we retain jurisdiction to determine our own jurisdiction, and therefore may review Abarca's claim that he was never admitted for purposes of 8 U.S.C. § 1227(a)(2)(A)(iii).  *See Ocampo-Duran v. Ashcroft*, 254 F.3d 1133, 1134 (9th Cir. 2001).

adjustment of status based on their marriage. Because Abarca raises a question of law by challenging the IJ's supposed misapplication of the correct legal standard, we retain jurisdiction to review this claim. *See* 8 U.S.C. § 1252(a)(2)(D). We review the IJ's decision for abuse of discretion. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). First, we reject the government's contention that Abarca failed to exhaust this issue before the BIA. Abarca challenged the IJ's denial of his request for a continuance in his appeal to the BIA, and therefore has exhausted this claim. However, we conclude that the IJ's denial of a continuance was not an abuse of discretion. The IJ considered several factors articulated in *Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (BIA 2009), including the government's opposition to the request, the lack of a pending adjustment application, and the fact that the potential marriage was speculative given that there was a restraining order in place that prevented Abarca from marrying his girlfriend.

**PETITION DISMISSED IN PART, DENIED IN PART.**

3