NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 2, 2016
Decided March 17, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 15-2336

| | |
|---|---|
| JULIO ESTRADA-HERNANDEZ, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A091-335-563 |
| LORETTA E. LYNCH, Attorney General of the United States, *Respondent*. | |

**O R D E R**

Julio Estrada-Hernandez is a 34-year-old Mexican citizen who has been removed from the United States as an alien convicted of controlled-substance offenses, a firearm offense (an aggravated felony), and crimes involving moral turpitude. See 8 U.S.C. § 1227(a)(2). First an immigration judge and then the Board of Immigration Appeals rejected his efforts to avoid removal, and so he has now turned to this court for relief. We find no reason to upset the BIA's decision, however, and so we deny his petition for review.

**I**

Estrada-Hernandez and his mother entered the United States unlawfully when he was a small child. They adjusted their status to that of lawful permanent residents (LPRs) in 1989, when Estrada-Hernandez was seven. His mother became a naturalized citizen when he was 16, but a quirk of immigration law prevented her naturalization from conferring citizenship on him automatically. His parents were married, though apparently not happily so. He could have become a citizen in one of two ways: either both of his parents would have had to naturalize before he turned 18, or they would have had to become legally separated. See Citizenship through parents, https://www.uscis.gov/us-citizenship/citizenship-through-parents (last visited Mar. 9, 2016). Neither of those things happened, however.

Over the next 15 years, Estrada-Hernandez was convicted of several state crimes, including three controlled-substance violations, two retail theft convictions, and one charge of felon-in-possession of a firearm. Eventually the Department of Homeland Security's Immigration and Customs Enforcement (ICE) section became aware of his criminal record and his LPR status. ICE instituted removal proceedings against him in January 2015, charging him with being removable as an alien who after admission to the United States was convicted of three controlled-substance crimes, 8 U.S.C. § 1227(a)(2)(B)(i), and one aggravated felony conviction stemming from a firearm violation, *id.* § 1227(a)(2)(A)(iii). Estrada-Hernandez was later charged with two additional grounds of removal—one for a firearm violation, *id.* § 1227(a)(2)(C), arising out of the same conviction as the aggravated felony charge, and one based on convictions for two or more crimes involving moral turpitude, *id.* § 1227(a)(2)(A)(ii), stemming from two shoplifting incidents.

At Estrada-Hernandez's removal hearing, the IJ informed him of his right to representation at no cost to the government and asked whether he wished to have the case continued in order to secure counsel. Estrada-Hernandez did not respond; instead, he asked why he was being detained and explained that he thought he had become a citizen when his mother naturalized. The IJ explored the issue and determined that Estrada-Hernandez had never obtained citizenship because his parents had remained legally married. The following colloquy then took place:

> IJ:      Well, it does not appear to me, sir, you are a citizen of the United States …
>           Do you want me to continue your case to give you more time to get a lawyer?

Estrada-Hernandez (E-H): No.

IJ:     Do you wish then to represent yourself?

E-H:   Yes, I mean what other choices do I have?

IJ:     Well, I'm willing to continue the case to give you time to contact the lawyers on that list that you received or any other lawyer that you might wish to contact.

E-H:   I've tried to—I'm sorry.

IJ:     Or any other lawyer that you might wish—

E-H:   I've already contacted them.

IJ:     If you wish to represent yourself today, it's your right to do so. It includes your right to speak on your own behalf and to present witnesses and evidence in court. You have the right to inspect evidence that the Government presents against you and you may object to such evidence by asking that the Court not consider it. You have the right to question any witness who testifies in your case and if this Court rules against you, you would have the right to appeal to a higher court which is known as the Board of Immigration Appeals. Do you understand these rights?

E-H:   Yes, sir.

The IJ then proceeded with the hearing, in the course of which Estrada-Hernandez admitted that he had been convicted of three state controlled-substance offenses (all involving possession of cocaine), retail theft, and possessing a firearm as a felon. Estrada-Hernandez could not remember the other theft that was the basis for the charge of removability as an alien "convicted of two or more crimes involving moral turpitude," 8 U.S.C. § 1227(a)(2)(A)(ii), but the government offered proof of that conviction by submitting court documents from Cook County. The IJ asked Estrada-Hernandez whether he feared being harmed if he were returned to Mexico, even offering to continue the case to give him more time to consider whether he wished to apply for asylum. Estrada-Hernandez once again declined the IJ's offer of a continuance. The IJ then pronounced that he was removable on all four grounds charged by the government and entered an order of removal.

Only then did Estrada-Hernandez finally obtain counsel. He appealed to the Board of Immigration Appeals, arguing that remand was warranted to allow him to withdraw the admissions he had made while unrepresented. He asked the Board to "issue a published decision requiring immigration judges to enter a contested plea to all charges in the notice to appear when a noncitizen is appearing in pro per regardless of the reason why he appears without counsel." Due process requires such a rule, he

asserted, because asking uncounseled aliens to admit or deny the allegations against them has the effect of shifting the burden of proof, rather than requiring the agency to prove charges by clear and convincing evidence. Estrada-Hernandez also argued that he was not subject to removal for the aggravated felony conviction because his adjustment of status does not qualify as an *admission* to the United States and thus § 1227(a)(2)(A)(iii)—which provides that "[a]ny alien who is convicted of an aggravated felony at any time *after admission* is deportable" (emphasis added)—does not apply to him. Finally he argued that the IJ erred in finding that his conviction for possessing a firearm as a felon qualified as an aggravated felony because the state crime that was the predicate for that conviction—possessing cocaine, 720 ILCS 570/402(c)—is punishable by imprisonment for "one year or more," rather than a term of *more than* one year, and therefore the state crime "does not squarely 'fit in' within the express statutory language of the federal definition."

The Board rejected all of Estrada-Hernandez's arguments and upheld the removal order. It concluded that Estrada-Hernandez was afforded due process because the IJ fully complied with the statutory requirement to inform him of his right to obtain counsel, 8 U.S.C. § 1229a(b)(4), and offered repeatedly to continue the case to allow Estrada-Hernandez to obtain representation. The Board dismissed any suggestion that the IJ shifted the burden of proof regarding the charges set forth in the Notice to Appear; the government properly supported its charges with evidence of each conviction. As for the question whether Estrada-Hernandez's firearms conviction was an aggravated felony for immigration purposes, the Board observed that this court already had resolved the question in the government's favor. *Negrete-Rodriguez v. Mukasey*, 518 F.3d 497 (7th Cir. 2008). The Board rejected Estrada-Hernandez's contention that he was not removable under 8 U.S.C. § 1227(a)(2)(iii) because he was never "admitted" at a border; it held that *Abdelqadar v. Gonzales*, 413 F.3d 668 (7th Cir. 2005), establishes that adjustment of status qualifies as an admission for purposes of § 1227(a)(2)(A)(iii).

**II**

Estrada-Hernandez pins his hopes in this petition on his effort to persuade us that the alleged "denial of the right to counsel," which "includes the substantial interference with that right," amounted to "a denial of due process under the Fifth Amendment." He contends that the IJ "coerced and discouraged him from pursuing legal representation" by informing him that he did not derive citizenship through his mother and then by accepting admissions he made in the absence of counsel. And, he asserts, the IJ "excus[ed] the Department from carrying on its own burden of proof" by finding him

removable based on his own admissions.

The suggestion of coercion is baseless. The IJ repeatedly offered to continue the case so that Estrada-Hernandez could try to contact a lawyer, but Estrada-Hernandez explicitly declined those offers, confirmed his wish to proceed *pro se*, and stated that he already had contacted the pro bono attorneys on the list he had been provided. Moreover, it would be impossible for Estrada-Hernandez to show prejudice from counsel's absence, because the government presented evidence to support each conviction. Although 8 U.S.C. §1229a(b)(4) confers a statutory right to hire one's own lawyer in an immigration hearing, that right is not derived from the Sixth Amendment right to counsel in a criminal proceeding. The latter right does not apply to removal proceedings, which are regarded as civil in nature. See *Magala v. Gonzales*, 434 F.3d 523, 525 (7th Cir. 2005); *Stroe v. INS*, 256 F.3d 498, 500 (7th Cir. 2001); *Leslie v. Att'y Gen. of the United States*, 611 F.3d 171, 180–81 (3d Cir. 2010). Due process protections do apply in all civil proceedings, including removal hearings, *Stroe*, 256 F.3d at 500, but we presume that any removal proceeding satisfies due process when it is conducted in accordance with 8 U.S.C. §1229a(b)(4). That statute requires only that a noncitizen be given an opportunity to hire a lawyer. *Apouviepseakoda v. Gonzales*, 475 F.3d 881, 884–85 (7th Cir. 2007). The IJ made it clear to Estrada-Hernandez that he had this right.

Although Estrada-Hernandez represented at one point that the sole issue on appeal was his complaint about the supposed denial of counsel, he raises two other arguments as well, both of which the Board rejected. First, without addressing the Board's contrary conclusion, he contends that he is not removable under § 1227(a)(2)(A)(iii), which applies only to aliens who have committed an aggravated felony *after* admission. His theory is that his adjustment of status, which occurred after he had entered the United States unlawfully, does not qualify as an "admission" under 8 U.S.C. § 1101(a)(13)(A). Ergo, he reasons, he committed no felonies, aggravated or otherwise, after admission because he was never "admitted." He bases this argument on *Abdelqadar v. Gonzales*, 413 F.3d 668 (7th Cir. 2005), which he calls the "seminal case" holding that an alien who is not inspected by an immigration officer at entry has never been admitted and is not subject to removal under § 1227. *Abdelqadar*, Estrada says, has been "consistently followed [in the Seventh Circuit], as it must, by a series of published decisions with full unconditional approval."

That is not what *Abdelqadar* holds. Indeed, it is distinctly unhelpful for Estrada-Hernandez. Citing *Matter of Rosas-Ramirez,* 22 I. & N. 616 (BIA 1999) (en banc), the *Abdelqadar* court endorsed the Board's interpretation that, for an alien who had

entered the United States illegally, an adjustment of status *is* an "admission" for purpose of § 1227(a)(2)(A)(iii) because the adjustment of status is the first point at which that individual is lawfully in the United States. *Abdelqadar*, 413 F.3d at 672–73. Otherwise, illegal entrants would be exempt from removal and would, paradoxically, enjoy greater rights than lawful immigrants. *Id.* at 673; see also *Ocampo-Duran v. Ashcroft*, 254 F.3d 1133, 1134–35 (9th Cir. 2001) (rejecting argument that alien who adjusted to lawful status after illegal entry was never admitted for purposes of § 1227(a)(2)(A)(iii)). Estrada-Hernandez mistakenly relies on an inapposite passage from *Abdelqadar*, in which we rejected the Board's view that the word "admission" in another part of the statute, § 1227(a)(2)(A)(i), referred to the most recent, rather than the initial, entry. 413 F.3d at 673–74. Indeed, we cautioned in *Abdelqadar* that "the whole point of contextual reading is that context matters—and the context of the word 'admission' in [one part of the statute] differs substantially from its context in [another]." *Id.* at 674. See *Lemus-Losa v. Holder*, 576 F.3d 752, 757 (7th Cir. 2009).

Estrada-Hernandez argues finally that the Board erred by concluding that his state conviction under 720 ILCS § 5/24-1.1(a) for being a felon in possession of a firearm qualifies as an aggravated felony for purposes of removal. See 8 U.S.C. § 1227(a)(2)(A)(iii). The state crime does not "squarely fit [ ] with the express statutory language of [the analogous federal offense, 18 U.S.C. § 922(g)(1)]," he contends, because his predicate state felony conviction for possession of cocaine is punishable by imprisonment of *not less than* one year, while federal law defines a felony as a crime punishable by a sentence of *more than* one year. But as the government correctly points out, the relevant inquiry is whether the Illinois felon-in-possession offense (of which Estrada-Hernandez was convicted) qualifies as an aggravated felony, and this court has already concluded that it does. See *Negrete-Rodriguez v. Mukasey*, 518 F.3d 497, 500–02 (7th Cir. 2008).

Finally, it is worth noting that Estrada-Hernandez challenges only the IJ's finding that he is subject to removal based on an aggravated felony conviction. He has not challenged the IJ's ruling that he was also subject to removal based on convictions for two or more crimes involving moral turpitude, three controlled substance convictions, and a conviction for a firearm offense. Given our finding that the removal proceedings were not tainted by any due process violation and the ample support the government furnished, we DENY the petition for review.