In the

# United States Court of Appeals

### For the Seventh Circuit

No. 17-1335

DELFINO RODRIGUEZ-CONTRERAS,

*Petitioner*,

*v.*

JEFFERSON B. SESSIONS III, Attorney General of the United States,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A017 046 772.

ARGUED OCTOBER 4, 2017 — DECIDED OCTOBER 12, 2017

Before BAUER, EASTERBROOK, and MANION, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. An alien who has been convicted of an "aggravated felony" as defined in 8 U.S.C. §1101(a)(43) is removable from the United States. Section 1101(a)(43)(E) specifies that any violation of 18 U.S.C. §922(g)(1) counts as an aggravated felony. Section 922(g)(1) in turn bars anyone who has been convicted of a felony from possessing a firearm. The Board of Immigration Appeals

concluded that these statutes require Delfino Rodriguez-Contreras, a citizen of Mexico who had been admitted for permanent residence, to leave the United States without any possibility of discretionary relief from removal. See 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1229b(a)(3).

After having been convicted of a felony in Illinois, Rodriguez-Contreras was found in possession of a weapon and convicted of violating 720 ILCS 5/24–1.1(a). He spent 30 months in prison for that crime. If the elements of the state offense match the elements of §922(g)(1), then Rodriguez-Contreras must be removed. The question is not what he did in fact but what elements must be established to secure a conviction—in other words, whether the state statute "categorically fits within the 'generic' federal definition of a corresponding aggravated felony." *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1568 (2017), quoting from *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013).

Rodriguez-Contreras contends that 720 ILCS 5/24–1.1(a) does not match the federal crime because the state statute bars felons from possessing pneumatic weapons as well as those that use explosives. The Board did not address this argument. Instead it stated that *Negrete-Rodriguez v. Mukasey*, 518 F.3d 497 (7th Cir. 2008), and *Estrada-Hernandez v. Lynch*, 819 F.3d 324 (7th Cir. 2016), have held that a violation of 720 ILCS 5/24–1.1(a) is an aggravated felony, so there was no work for the Board to do.

The Board's treatment of our decisions assumes that to address one legal argument is to address all possible legal arguments. Negrete-Rodriguez argued that the Illinois and national felon-in-possession crimes do not match because the state statute omits the interstate-commerce element that

§922(g)(1) contains. We rejected that contention and held that courts consider statutes' substantive elements rather than provisions that allocate prosecutorial authority. 518 F.3d at 501–03. See also *Torres v. Lynch*, 136 S. Ct. 1619 (2016) (a state crime covered by §1101(a)(43) is an aggravated felony when it matches the federal crime in all but the commerce element). Our decision in *Negrete-Rodriguez* did not say whether the substantive elements of the state and federal statutes match, because the alien had not presented an argument on the subject. Nor did the alien in *Estrada-Hernandez*. How the substantive elements of 720 ILCS 5/24–1.1(a) mesh with those of §922(g)(1) has never been resolved by this court. Now is the time.

Section 922(g)(1) prohibits the possession of a "firearm" by someone who has been convicted of a felony. The word "firearm" is defined in 18 U.S.C. §921(a)(3) as "any weapon … designed to … expel a projectile by the action of an explosive". Any violent release of gas produces an "explosion" in common usage; think of a volcano, which propels tons of rock miles into the air when gas dissolved in magma comes out of solution and creates powerful pressure. But §921(a)(3) does not ask whether an explosion pushes the projectile out of the weapon; it asks whether an explo*sive* does the work. Compressed air is not an explosive, which means that pneumatic weapons are not "firearms" under federal law. See, e.g., *United States v. Castillo-Rivera*, 853 F.3d 218, 225 (5th Cir. 2017) (en banc); *United States v. Crooker*, 608 F.3d 94, 96 (1st Cir. 2010); Bureau of Alcohol, Tobacco, Firearms and Explosives Ruling 2005–4.

Illinois law, by contrast, defines a firearm as "any device, by whatever name known, which is designed to expel a pro-

jectile or projectiles by the action of an explosion, expansion of gas or escape of gas" with exceptions, including one for pneumatic guns that have a muzzle velocity less than 700 feet per second. 430 ILCS 65/1.1. The Attorney General's brief concedes that this definition makes the state law broader than the federal law but contends that it is farfetched to think that possessors of air rifles would be prosecuted in Illinois. In the Attorney General's view the state and federal statutes match as a practical matter despite the linguistic difference. Yet a recent decision by the Appellate Court of Illinois shows that felons are indeed prosecuted for and convicted of possessing air rifles. *People v. Thompson*, 2017 IL App (3d) 160503 (Sept. 6, 2017).

Air-powered weapons can be as deadly as those that use explosives to generate the gas that propels the bullet; a pneumatic mechanism can give a bullet quite a kick. Sherlock Holmes called Sebastian Moran the second most dangerous man in London (behind only Moriarty) because he killed at a distance with an air rifle, a quiet weapon that allowed him to avoid detection. See A. Conan Doyle, *The Adventure of the Empty House*, in *The Return of Sherlock Holmes* (1905). It does not surprise us that Illinois prosecutes felons who possess such weapons. This means that the state statute is indeed broader than its federal counterpart and, under the reasoning of *Esquivel-Quintana* and its predecessors, cannot be treated as an "aggravated felony."

The immigration judge supported her decision with a fallback argument: that the Illinois statute is "divisible" and permits immigration officials (and judges) to look at the charging papers and other documents to see which statutory provision was involved. The IJ treated 720 ILCS 5/24–1.1(a)

as creating distinct offenses: possession of a (federally de-
fined) firearm by a felon, and possession of an air rifle by a
felon. The IJ also found that the weapon that led to Rodri-
guez-Contreras's conviction used explosives; she concluded
that this marks the particular crime Rodriguez-Contreras
committed as an aggravated felony. (Rodriguez-Contreras
observes that Smith & Wesson, the manufacturer of his
weapon, made some .22 caliber air pistols, but he does not
contend that his .22 caliber pistol was air-powered.)

The Attorney General's brief in this court does not de-
fend the IJ's divisibility ruling. *Mathis v. United States*, 136 S.
Ct. 2243 (2016), distinguishes between multiple *crimes* codi-
fied under a single heading (divisible) and multiple *ways* of
committing a single crime (not divisible). Illinois has estab-
lished only a single crime of weapon possession by a felon.
In Illinois there are multiple ways of committing that crime
(possessing a powerful air rifle is one, possessing a weapon
that uses explosives is another), but a definitional clause
does not create a separate crime.

It follows that a violation of 720 ILCS 5/24–1.1(a) is not an
"aggravated felony" and that federal law does not foreclose
Rodriguez-Contreras's ability to receive discretionary relief
from removal. In exercising discretion the Board and IJ are
free to consider the fact that Rodriguez-Contreras possessed
a weapon that comes within the scope of a federal prohibi-
tion as well as a state prohibition. *Moncrieffe*, 569 U.S. at 204.
All our decision establishes is that his state conviction does
not prevent immigration officials from exercising discretion
as they deem appropriate.

Whether it will be necessary to exercise discretion is open
to question. When the removal proceeding began, the agen-

cy's sole stated reason for deeming Rodriguez-Contreras removable was his conviction of an aggravated felony; the administrative prosecutor did not rely on any of Rodriguez-Contreras's other convictions or contend that his felon-in-possession conviction, shorn of the aggravated-felony characterization, justifies removal. The first order of business on remand therefore will be to determine whether this removal proceeding should be dismissed outright.

The petition for review is granted and the matter is remanded to the Board for proceedings consistent with this opinion.