**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

         v.

JUAN HERON-SALINAS,
              *Defendant-Appellant.*

No. 08-50276

D.C. No.
3:07-cr-02872-JM-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted May 6, 2009*
Pasadena, California

Filed May 20, 2009

Before: John T. Noonan, Diarmuid F. O'Scannlain, and
Susan P. Graber, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Jennifer L. Coon, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Nicole Acton Jones, Assistant U.S. Attorney, Appellate Section, Criminal Division, San Diego, California, for the plaintiff-appellee.

## OPINION

PER CURIAM:

Juan Heron-Salinas appeals the district court's denial of his motion to dismiss his indictment for attempted entry into the United States after deportation, in violation of 8 U.S.C. § 1326. Heron-Salinas claims that his underlying deportation was invalid under 8 U.S.C. § 1326(d) because his conviction for assault with a firearm under California Penal Code section 245(a)(2) is not a "crime of violence," as that term is defined in 18 U.S.C. § 16.

**[1]** We have previously held that aiding and abetting assault with a deadly weapon in violation of California Penal Code section 245(a)(1) is categorically a crime of violence under 18 U.S.C. § 16, and that an alien convicted of that crime is an aggravated felon under 8 U.S.C. § 1101(a)(43)(F). *Ortiz-Magana v. Mukasey*, 542 F.3d 653, 654 (9th Cir. 2008); s*ee also Ocampo-Duran v. Ashcroft*, 254 F.3d 1133, 1134-35 (9th Cir. 2001).

**[2]** California Penal Code section 245(a)(1) and 245(a)(2) proscribe the same conduct, the only difference being the type of weapon involved. Today we hold that a conviction for assault with a firearm under California Penal Code section 245(a)(2) is categorically a "crime of violence" and an "aggravated felony" for immigration purposes.

Heron-Salinas argues that California Penal Code section 245 does not contain the requisite *mens rea* or use of force to qualify as a crime of violence under section 16. Heron-Salinas is incorrect. Section 16 defines a "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. Under a plain reading of the statute, the elements of assault with a firearm — an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another with a firearm — satisfy the requirements of section 16(a) and (b). *See* Cal. Penal Code §§ 240, 245(a)(2).

**[3]** In California, assault "requires an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another." *People v. Williams*, 29 P.3d 197, 204 (Cal. 2001). This definition closely tracks the language in § 16(b). Attempting to commit a violent injury on another person with a firearm "naturally involve[s] a person acting in disregard of the risk that physical force might be used against another in committing an offense." *Leo-*

*cal v. Ashcroft*, 543 U.S. 1, 10-11 (2004). The *mens rea* requirement is met.

Heron-Salinas next argues that section 245 is not a crime of violence because, in California, "assault includes an unconsented touching of the victim," rather than actual force, as required by section 16. *People v. Rosen*, 56 Cal. Rptr. 3d 444, 454 (Ct. App. 2007). Today we do not address the broader question of whether all forms of assault under the California Penal Code are crimes of violence. The use of a firearm in the commission of the crime is enough to demonstrate that actual force was attempted or threatened under section 16(a). Similarly, one who assaults another by means of a firearm necessarily disregards the substantial risk that in the course of committing the offense he might intentionally use actual physical force against the victim under section 16(b).

**[4]** Assault with a firearm naturally falls within the category, "crime of violence," under the "ordinary meaning" of that term. *See Leocal*, 543 U.S. at 11. Heron-Salinas was convicted of a "crime of violence" under 18 U.S.C. § 16.

Accordingly, the conviction is **AFFIRMED**.