**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50303 |
| Plaintiff - Appellee, | D.C. No. 3:08-CR-02023-TJW |
| v. | |
| MIGUEL ANGEL AVILA-QUEZADA, | MEMORANDUM * |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted March 16, 2010 **

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Miguel Angel Avila-Quezada appeals from the 57-month sentence imposed

following his guilty-plea conviction for being a deported alien found in the United

States, in violation of 8 U.S.C. § 1326.  We have jurisdiction pursuant to

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

DAT/Research

28 U.S.C. § 1291, and we affirm.

Avila-Quezada contends that the district court procedurally erred by, among other things, applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because there was insufficient evidence as to the nature of his predicate conviction. The district court did not err by relying on the uncontroverted pre-sentence report to determine that Avila-Quezada's conviction was categorically a violent felony. *See United States v. Romero-Rendon*, 220 F.3d 1159, 1165 (9th Cir. 2000); *see also United States v. Heron-Salinas*, 566 F.3d 898, 899 (9th Cir. 2009) (per curiam).

Next, he asserts that the fact of the prior conviction was required to be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt. This contention lacks merit. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998); *see also United States v. Almazan-Becerra*, 482 F.3d 1085, 1091 (9th Cir. 2007).

Avila-Quezada also contends that the district court insufficiently explained why it rejected his downward-departure motion for cultural assimilation. This contention is belied by the totality of the record, which contained an adequate explanation. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Finally, he argues his sentence is substantively unreasonable pursuant to *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1058 (9th Cir. 2009), because, among other reasons, his qualifying crime-of-violence conviction was too stale. However, in the instant case, unlike the offense in *Amezcua-Vasquez*, the predicate felony was not too old to score under the Sentencing Guidelines' criminal history provisions. *See* U.S.S.G. § 4A1.2(e)(1); *see also Amezcua-Vasquez*, 567 F.3d at 1058 ("We make no pronouncement as to the reasonableness of a comparable sentence were Amezcua's conviction more recent[.]"). The record reflects that the sentence imposed was substantively reasonable, under the totality of the circumstances. *See Gall v. United States,* 552 U.S. 38, 53-60 (2007).

**AFFIRMED.**