**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff-Appellee,<br>v.<br><br>VICTOR VALLIN-JAUREGUI,<br><br>Defendant-Appellant. | No. 08-50457<br><br>D.C. 3:08-cr-0018-W-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted June 11, 2010
Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and MAHAN, District Judge.[**]

Appellant Victor Vallin-Jauregui (hereinafter "Vallin") appeals his sentence

of 51 months for one count of being a deported alien found in the United States, in

violation of 8 U.S.C. § 1326.  Vallin also appeals the application of a sentencing

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

enhancement imposed under U.S.S.G. § 2L1.2(b)(1)(A) for commission of a crime of violence, based upon his prior conviction for assault with a firearm in violation of Cal. Penal Code § 245(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and review all sentencing decisions, whether within or outside the guideline range, for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (citing *Gall v. United States*, 552 U.S 38, 51 (2007)). In reviewing a sentence, this court must consider whether the district court committed significant procedural error, and whether the sentence was substantively reasonable. *Gall*, 552 U.S. at 51.

We affirm the district court's sentence of 51 months because the district court recognized and noted defendant's arguments under § 3553(a) and his objections to the 16-level enhancement. We also find that the record sufficiently demonstrates, apart from a single inadvertent misstatement, that the district court was fully aware that there was no plea agreement and did not consider the guidelines mandatory.

As to application of Vallin's prior conviction as a crime of violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A), in recent cases this court has held that Cal. Penal Code § 245(a)(2) categorically constitutes a crime of violence. *See United States v. Grajeda*, 581 F.3d 1186 (9th Cir. 2009); *United States v. Heron-*

2

*Salinas*, 566 F.3d 898 (9th Cir. 2009); *see also United States v. Jennen*, 596 F.3d 594, 601 (9th Cir. 2010).  Accordingly, the district court did not err in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A).

**AFFIRMED.**