**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50540 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-02566-MMA-1 |
| v. | |
| RAMON BELTRAN-SANDOVAL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted November 19, 2014
Pasadena, California

Before: KLEINFELD and WARDLAW, Circuit Judges, and KENNELLY, District
Judge.[**]

Defendant Beltran-Sandoval, a Mexican citizen, appeals the district court's

denial of his motion to dismiss an indictment charging him with reentering the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Matthew F. Kennelly, District Judge for the U.S.
District Court for the Northern District of Illinois, sitting by designation.

United States after being removed, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. United States v. Ubaldo-Figueroa, 364 F.3d 1042, 1047 (9th Cir. 2004).

Beltran-Sandoval collaterally attacks his removal order by arguing that he was not removable as charged because his state conviction was not for a crime of violence and that the immigration judge's failure to advise him of his eligibility for a section 212(h) waiver prejudiced him. We hold that he was removable as charged but that he showed a plausible ground for relief under section 212(h).

Beltran-Sandoval was removable because assault with a firearm in violation of California Penal Code section 245(a)(2) is categorically a crime of violence, United States v. Heron-Salinas, 566 F.3d 898, 899 (9th Cir. 2009); see United States v. Grajeda, 581 F.3d 1186, 1197 (9th Cir. 2009), and is thus an aggravated felony as defined by 8 U.S.C. 1101(a)(43)(F).

Ceron v. Holder, 747 F.3d 773 (9th Cir. 2014) (en banc), did not undermine the holdings of Heron-Salinas and Grajeda. See United States v. Jimenez-Arzate, No. 12-50373 (9th Cir. Jan. 12, 2015). Ceron relied on the same California

2

Supreme Court case that Heron-Salinas and Grajeda relied on, People v. Williams, 29 P.3d 197 (Cal. 2001). The en banc court in Ceron addressed whether assault with a deadly weapon is a crime involving moral turpitude, not whether it is a crime of violence. See 747 F.3d at 778–79.

Beltran-Sandoval made a plausible showing that he might have been granted a section 212(h) waiver had the immigration judge advised him of his eligibility on the ground that his removal would cause "extreme hardship" to his U.S. citizen daughter. 8 U.S.C. § 1182(h). She suffers from developmental disabilities that require treatment and special education, which she would not get if she goes to Mexico. Unlike the defendant in United States v. Jimenez-Borja, 378 F.3d 853, 859 (9th Cir. 2004), Beltran-Sandoval kept his family ties while he was in prison. His sister brought his daughter to visit him, and he exchanged letters and called his family "almost every day." Thus, he might be able to make a sufficient showing that his departure would disrupt the family unity and his ties with his daughter who has special needs. See United States v. Arrieta, 224 F.3d 1076, 1082 (9th Cir. 2000). Since the district court found that Beltran-Sandoval did not show a plausible ground for a section 212(h) waiver, it did not address the government's argument that there would have been no visa available for him even if he had

3

sought to adjust his status to receive a section 212(h) waiver. See United States v. Moriel-Luna, 585 F.3d 1191, 1198–99 (9th Cir. 2009) (holding that because section 212(h) provides for waiver of a denial of *admissibility*, an alien on a *removal* proceeding needs to adjust his status to receive the waiver); 8 U.S.C. § 1255(a) (providing that adjustment of status requires "an immigrant visa . . . [be] immediately available" at the time of filing of the application). On remand, the district court shall determine whether there would have been a visa available for Beltran-Sandoval if he had sought to adjust his status.

We reverse the district court's denial of the motion to dismiss the indictment and remand to the district court for a finding on visa availability.

**REVERSED and REMANDED.**

4