**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIGEN VOSKANOVICH NAJARYAN, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-70014 <br><br> Agency No. A077-823-840 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 19, 2014
Pasadena, California

Before: KLEINFELD and WARDLAW, Circuit Judges, and KENNELLY, District
Judge.[**]

Vigen Voskanovich Najaryan ("Najaryan"), a native and citizen of Armenia,

petitions for review of the Board of Immigration Appeals' ("BIA") decision

affirming the Immigration Judge's ("IJ") denial of his application for deferral of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Matthew F. Kennelly, District Judge for the U.S.
District Court for the Northern District of Illinois, sitting by designation.

removal under the Convention Against Torture ("CAT"). Although Najaryan was removable for having committed a crime of violence, we have jurisdiction under 8 U.S.C. § 1252 because his CAT claim was denied on the merits. *See Morales v. Gonzales*, 478 F.3d 972, 980 (9th Cir. 2007). We review factual findings for substantial evidence. *See Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition.

Najaryan was removable because assault with a firearm in violation of California Penal Code section 245(a)(2) is categorically a crime of violence, *United States v. Heron-Salinas*, 566 F.3d 898, 899 (9th Cir. 2009); *see United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009), and thus an aggravated felony as defined by 8 U.S.C. 1101(a)(43)(F).

*Ceron v. Holder*, 747 F.3d 773 (9th Cir. 2014) (en banc), did not undermine the holdings of *Heron-Salinas* and *Grajeda*. *See United States v. Jimenez-Arzate*, — F.3d. —, 2015 WL 149802 (9th Cir. Jan. 12, 2015). *Ceron* relied on the same California Supreme Court case that *Heron-Salinas* and *Grajeda* relied on, *People v. Williams*, 29 P.3d 197 (Cal. 2001). The en banc court in *Ceron* addressed whether assault with a deadly weapon is a crime involving moral turpitude, not whether it is a crime of violence. *See* 747 F.3d at 778-79.

Finally, substantial evidence supports the BIA's decision because Najaryan failed to establish that it is more likely than not that he will be tortured if returned

to Armenia.  *Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).  Najaryan's evidence that, while a child in Armenia, he was kicked and hit by a school teacher, punched by a police officer, and stabbed in the arm by other school boys does not rise to the level of the "severe pain or suffering" that constitutes torture.  8 C.F.R. § 1208.18(a)(1); *cf., e.g.*, *Nuru v. Gonzales*, 404 F.3d 1207, 1218 (9th Cir. 2005).  Nor does this evidence demonstrate that he would experience similar treatment upon his return, now approximately twenty years later.  Najaryan also has not demonstrated that he would be tortured in Armenia as a conscientious objector to military service.  As counsel acknowledged during oral argument, Najaryan has now aged-out of required military service.

**PETITION FOR REVIEW DENIED**.