**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| VIGEN VOSKANOVICH NAJARYAN, AKA Vigen Najaryan, | Nos.   15-72491 |
| | 16-71632 |
| Petitioner, | |
| | Agency No. A077-823-840 |
| v. | |
| | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2019
San Francisco, California

Before:  SCHROEDER and RAWLINSON, Circuit Judges, and LASNIK,**
District Judge.

Petitioner Vigen Najaryan (Najaryan) petitions for review of the Board of

Immigration Appeal's (BIA) denial of his two untimely motions to reopen

premised on changed country conditions and a change in the law.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

**Petition No. 15-72491**

We dismiss Najaryan's petition for review of the BIA's denial of *sua sponte* reopening based on changed country conditions because Najaryan fails to demonstrate the requisite legal or constitutional error. *See Menendez v. Whitaker*, 908 F.3d 467, 471 (9th Cir. 2018) (explaining that "we have jurisdiction to review the reasoning behind the BIA's sua sponte denial of reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error"). (citation and internal quotation marks omitted).

**Petition No. 16-71632**

Relying on *Johnson v. United States*, 559 U.S. 133 (2010), Najaryan asserts that the BIA erred in denying *sua sponte* reopening premised on a change in law rendering his prior conviction for assault with a deadly weapon in violation of Cal. Penal Code § 245(a)(2) a non-removable offense. Although the Supreme Court decided *Johnson* in 2010, Najaryan never challenged his prior conviction based on *Johnson's* holding prior to the BIA's 2011 decision, or prior to our denial of Najaryan's petition for review in 2015. *See Najaryan v. Holder*, 593 F. App'x 707, 708 (9th Cir. 2015) (holding that Najaryan's conviction in violation of Cal. Penal Code § 245(a)(2) was a removable offense). Thus, there was no "fundamental change in the law . . . . represent[ing] a departure from established principles"

warranting *sua sponte* reopening. *Bonilla v. Lynch*, 840 F.3d 575, 585 (9th Cir. 2016), *as amended* (citation and internal quotation marks omitted).

In any event, we have held post-*Johnson* that assault with a deadly weapon in violation of Cal. Penal Code § 245(a)(1) constitutes a crime of violence. *See United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1067-68 (9th Cir. 2018) (holding that our pre-*Johnson* precedent remains valid because a conviction in violation of Cal. Penal Code § 245 is categorically a crime of violence); *see also United States v. Guizar-Rodriguez*, 900 F.3d 1044, 1049 n.5 (9th Cir. 2018) (concluding that "even the least touching with a deadly weapon or instrument is violent in nature," and this "reasoning applies even after *Johnson*") (citation, alteration, and internal quotation marks omitted).

**Petition For Review in No. 15-72491 DISMISSED.**

**Petition For Review in No. 16-71632 DENIED.**