**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 29 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10225 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00070-DAD-BAM-1 |
| v. | |
| TRAYVON SMITH, AKA Trayvon Vincent Smith, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 21, 2019**

Before:  THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Trayvon Smith appeals from the district court's judgment and challenges the

46-month sentence imposed following his guilty-plea conviction for being a felon

in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Smith contends that the district court erred in determining that his prior conviction for assault with a firearm in violation of California Penal Code § 245(a)(2) is a categorical crime of violence under U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2(a)(1). Smith's argument is foreclosed by *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1068 (9th Cir. 2018). Contrary to Smith's argument, *Vasquez-Gonzalez* addressed and rejected his argument that section 245 does not require the intentional use of force against the person of another.[1] *See id*. at 1067-68. Accordingly, the district court properly treated Smith's prior assault conviction under section 245(a)(2) as a categorical crime of violence when calculating the Guidelines range. *See* U.S.S.G. § 2K2.1(a)(4)(A).

**AFFIRMED.**

---

[1] *Vasquez-Gonzalez* addressed a conviction under section 245(a)(1), while the conviction in this case was sustained under section 245(a)(2). The difference is immaterial because the two subsections "proscribe the same conduct, the only difference being the type of weapon involved." *United States v. Heron-Salinas*, 566 F.3d 898, 899 (9th Cir. 2009).

18-10225