**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAFAEL ALBERTO GARCIA-
ZALDIVAR, AKA Rapmael Garcia,

        Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.    14-73961

Agency No. A092-272-858

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2020[**]

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Rafael Alberto Garcia-Zaldivar, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the Convention Against Torture ("CAT").

Our jurisdiction to review final orders of removal is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The BIA determined that Garcia-Zaldivar's conviction for assault with a firearm under California Penal Code section 245(a)(2) resulted from a "particularly serious crime," rendering him ineligible for withholding of removal. 8 U.S.C. § 1231(b)(3)(B)(ii). We review for abuse of discretion. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). "Although we 'cannot reweigh evidence to determine if the crime was indeed particularly serious, [we] can determine whether the BIA applied the correct legal standard.'" *Blandino-Medina v. Holder*, 712 F.3d 1338, 1343 (9th Cir. 2013) (quoting *Afridi v. Gonzales*, 442 F.3d 1212, 1218 (9th Cir. 2006)). "Where, as here, the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093

(9th Cir. 2002).

Assault with a firearm under California Penal Code section 245(a)(2) is categorically an aggravated felony for immigration purposes. *United States v. Heron-Salinas*, 566 F.3d 898, 899 (9th Cir. 2009). It is therefore a basis for removal. 8 U.S.C. § 1227(a)(2)(A)(iii). Because Garcia-Zaldivar was sentenced to less than five years' imprisonment for his conviction, his crime was not per se "particularly serious." 8 U.S.C. § 1231(b)(3)(B). Rather, the agency was required to consider the "nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community." *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019) (quoting *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982)). The "final factor does not trigger an independent inquiry. Instead, 'an alien who has been convicted of a particularly serious crime shall be considered to constitute a danger to the community." *Id.* (quoting 8 C.F.R. § 1208.16(d)(2)).

The BIA applied the correct standard and engaged in a "case-specific factual analysis" of Garcia-Zaldivar's crime. *See id.* at 885. The decision noted that a passenger had fired a gun from a car driven by Garcia-Zaldivar in circumstances that revealed no basis for shooting in self-defense. For his role in the crime, Garcia-Zaldivar was sentenced to two years' imprisonment. We lack jurisdiction

to evaluate Garcia-Zaldivar's contention that the BIA should have given greater weight to his testimony about his limited role in the crime, his decision to plead nolo contendere on his attorney's advice, or his lack of other criminal history.

Garcia-Zaldivar's conviction for a particularly serious crime makes him ineligible for withholding of removal. We need not reach the BIA's alternative holding that Garcia-Zaldivar failed to show that any persecution would be on account of a protected ground.

The particularly serious crime determination also makes Garcia-Zaldivar ineligible for withholding of removal under CAT, but not deferral of removal. *See* 8 C.F.R. §§ 1208.16(d)(2), 1208.17(a). We have jurisdiction to review Garcia-Zaldivar's claim for deferral of removal. *Nasrallah v. Barr*, __U.S. __ (June 1, 2020) (holding that judicial review is available for factual challenges to CAT order).

Substantial evidence supports the agency's denial of CAT protection because Garcia-Zaldivar failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Mairena v. Barr*, 917 F.3d 1119, 1125-26 (9th Cir. 2019).

**PETITION FOR REVIEW DENIED.**