NOT FOR PUBLICATION

FILED

APR 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUVENAL GARCIA GONZALEZ, AKA Juvanal Gonzalez,<br><br>       Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>       Respondent. | No.   19-71043<br><br>Agency No. A092-736-474<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2021[**]
San Francisco, California

Before:　BALDOCK,[***] WARDLAW, and BERZON, Circuit Judges.

Juvenal Garcia Gonzalez petitions for the review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from the Immigration Judge's ("IJ")

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Bobby R. Baldock, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

1

decision denying (1) his motion to terminate and (2) his applications for a waiver of inadmissibility and adjustment of status. Exercising jurisdiction to the extent allowed under 8 U.S.C. § 1252(a)(2)(D), we deny in part and dismiss in part the petition for review.

1. Petitioner first contends the BIA lacked jurisdiction over the removal proceedings because the Notice to Appear ("NTA") did not specify the name of the court in which the NTA was to be filed. We review the sufficiency of the NTA de novo. *Kohli v. Gonzalez*, 473 F.3d 1061, 1065 (9th Cir. 2007). Omitting the time, date, or place from an NTA does not deprive the immigration court of jurisdiction. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020). Accordingly, we deny Petitioner's claim that the BIA lacked jurisdiction over his removal proceedings.

2. Petitioner next argues the BIA erred in concluding that his assault conviction under California Penal Code § 245(a)(2) constitutes an aggravated felony crime of violence. We review de novo whether an offense qualifies as an aggravated felony crime of violence. *See United States v. Grajeda*, 581 F.3d 1186, 1188 (9th Cir. 2009).

We have held that a conviction "under California Penal Code § 245(a)(2) is categorically a 'crime of violence' and an 'aggravated felony' for immigration purposes." *United States v. Heron-Salinas*, 566 F.3d 898, 899 (9th Cir. 2009) (per

2

curiam). While Petitioner contends that our decision in *Heron-Salinas* is clearly irreconcilable with *Moncrieffe v. Holder*, 569 U.S. 184 (2013), we have since reaffirmed our conclusion that California assault is a categorical crime of violence. *See United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1068 (9th Cir. 2018). Though *Vasquez-Gonzalez* addressed California Penal Code § 245(a)(1), the difference between § 245(a)(1) and (a)(2) is immaterial to the "crime of violence" analysis. The two subsections "proscribe the same conduct, the only difference being the type of weapon involved." *Heron-Salinas*, 566 F.3d at 899. We therefore deny Petitioner's claim that his assault conviction under California Penal Code § 245(a)(2) does not constitute an aggravated felony crime of violence.

3. Petitioner also argues that the "violent or dangerous crime" distinction provided for in 8 C.F.R. § 1212.7(d) and applied to his application for a waiver of inadmissibility is unconstitutionally vague. We review constitutional claims arising from the BIA's decision de novo. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003).

The attorney general may grant a discretionary waiver of inadmissibility if an alien can prove his removal would result in extreme hardship to a spouse, parent, or child, if those qualifying relatives are United States citizens or lawfully admitted permanent residents. 8 U.S.C. § 1182(h)(1)(B). But when an alien has committed a violent or dangerous crime a heightened standard applies. *See* 8 C.F.R. §

3

1212.7(d). In those cases, the attorney general will only exercise favorable discretion in "extraordinary circumstances," including when the alien clearly demonstrates that the denial of the application would result in "exceptional and extremely unusual hardship." 8 C.F.R. § 1212.7(d).

Petitioner argues 8 C.F.R. § 1212.7(d) is unconstitutionally vague under *Johnson v. United States*, 576 U.S. 591 (2015), because it applies a heightened standard for "violent or dangerous crimes." In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act—which designated a "violent felony" as any felony that "otherwise involves conduct that presents a serious risk of physical injury to another"—was unconstitutionally vague. 576 U.S. at 594; *see id.* at 601–02. The Court explained that the residual clause violates due process because it requires a judge to imagine an "ordinary case" of a particular crime and then decide if that ordinary version of the crime presented a serious risk of physical injury. *Id.* at 596. "It is one thing," the Court clarified, "to apply an imprecise 'serious potential risk' standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction." *Id.* at 598.

*Johnson* provides no support for Petitioner's argument. Unlike the categorical approach required by the residual clause in *Johnson*, the BIA applies a circumstance-specific approach when deciding whether an offense is violent or dangerous under 8 C.F.R. § 1212.7(d). That is, the BIA considers the alien's actual conduct rather than

4

hypothesizing about an "ordinary case." *See Johnson*, 576 U.S. at 596. Again, "[t]he residual clause failed not because it adopted a 'serious potential risk' standard but because applying that standard under the categorical approach required courts to assess the hypothetical risk posed by an abstract generic version of the offense." *Welch v. United States*, 136 S. Ct. 1257, 1262 (2016). Because the BIA considers whether the alien's actual conduct was violent or dangerous (as opposed to imagining a hypothetical, ordinary case of a crime), we deny Petitioner's claim that the heightened standard used in 8 C.F.R. § 1212.7(d) is unconstitutionally vague.

4. Petitioner's final arguments take issue with the BIA's discretionary decisions. Petitioner complains that: (1) the BIA erred in viewing his assault conviction as a "violent or dangerous crime"; (2) the BIA failed to consider all the evidence when deciding whether he would face exceptional and extremely unusual hardship from deportation; (3) the BIA failed to consider all the evidence when deciding whether he presented extraordinary circumstances justifying a waiver of inadmissibility; and (4) the BIA failed to balance all relevant discretionary factors, including "evidence of positive equities," before denying Petitioner's application for a waiver of inadmissibility.

As a general matter, we lack jurisdiction to review the BIA's discretionary decision to view a crime as a violent or dangerous one. *Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1152–53 (9th Cir. 2015). We similarly lack jurisdiction to consider

5

"any discretionary aspect of the agency's decision to deny [Petitioner's] application for adjustment of status and waiver of inadmissibility." *Diego v. Sessions*, 857 F.3d 1005, 1011 (9th Cir. 2017). While we retain jurisdiction to ensure the BIA considered the relevant evidence in making its decision, absent an indication otherwise, we presume the agency considered all relevant evidence in the record. *Szonyi v. Barr*, 942 F.3d 874, 897 (9th Cir. 2019). And we will not permit a petitioner to "cloak[] an abuse of discretion argument in constitutional [or legal] garb." *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)).

Here, the BIA adequately explained why it considered Petitioner's assault conviction to be violent or dangerous crime. The BIA also identified relevant record evidence before exercising its discretion to deny Petitioner's application for a waiver of inadmissibility. The BIA's decision does not reflect a failure to consider the pertinent evidence. We therefore dismiss Petitioner's remaining claims for lack of jurisdiction.

**DENIED in part; DISMISSED in part.**