[No. B235011. Second Dist., Div. Five. Aug. 6, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
ALEJANDRO MARTINEZ, Defendant and Appellant.

**COUNSEL**

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Chung L. Mar, Victoria B. Wilson and Jonathan J. Kline, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.**—A jury convicted defendant, Alejandro Martinez, of two counts of assault with a semiautomatic firearm. (Pen. Code,[1] § 245,

---

[1] All further statutory references are to the Penal Code except where otherwise noted.

subd. (b).) The jury also convicted defendant of two counts of assault with a firearm. (§ 245, subd. (a)(2).) The jury found true gang and firearm use enhancements. (§§ 186.22, subd. (b)(1)(B) & (C), 12022.5, subd. (a).) Defendant was sentenced to 20 years in state prison. We reverse the judgment of conviction for the two firearm assault counts.

The facts are undisputed. Defendant accosted Juan Bueno. Mr. Bueno was accompanied by his girlfriend Melissa Rodriguez. Defendant pointed a semiautomatic pistol at Mr. Bueno and said, "I am going to fucking smoke you." When Ms. Rodriguez pleaded with defendant to stop, he put the gun to her head. Defendant was a gang member. Defendant made gang references during the encounter. A detective testified the crimes were committed to benefit a criminal street gang.

■ Defendant contends and the Attorney General concedes defendant could not be convicted of both semiautomatic firearm assault and the included offense of firearm assault. We agree. Our Supreme Court has held, ■ "Under California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser. [Citations.]" (*People v. Birks* (1998) 19 Cal.4th 108, 117–118 [77 Cal.Rptr.2d 848, 960 P.2d 1073], fn. omitted; accord, *People v. Jennings* (2010) 50 Cal.4th 616, 667–668 [114 Cal.Rptr.3d 133, 237 P.3d 474].) A semiautomatic firearm assault cannot be committed without also committing a firearm assault. Therefore, firearm assault is a lesser included offense of a semiautomatic firearm assault. (*People v. Jennings, supra,* 50 Cal.4th at pp. 667-668; *People v. Birks, supra,* 19 Cal.4th at pp. 117–118; see *People v. Arzate* (2003) 114 Cal.App.4th 390, 398 [7 Cal.Rptr.3d 680] [jury convicted defendant of assault with a firearm on a peace officer as a lesser included offense of assault on a peace officer with a semiautomatic firearm].) A defendant cannot be convicted of both an offense and a lesser included offense. (*People v. Medina* (2007) 41 Cal.4th 685, 701 [61 Cal.Rptr.3d 677, 161 P.3d 187]; *People v. Pearson* (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595].) The firearm assault convictions must be reversed.

In addition, the sentences imposed on the semiautomatic firearm assault counts violated section 1170.1, subdivision (f). (*People v. Rodriguez* (2009) 47 Cal.4th 501, 508–509 [98 Cal.Rptr.3d 108, 213 P.3d 647]; see *People v. Jones* (2009) 47 Cal.4th 566, 572, fn. 3 [98 Cal.Rptr.3d 546, 213 P.3d 997].) As to each count, the trial court improperly imposed enhancements for both personal firearm use (§ 12022.5, subd. (a)) and committing a violent felony to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C); *People v. Rodriguez, supra,* 47 Cal.4th at pp. 508–509; see *People v. Jones, supra,*

47 Cal.4th at p. 572, fn. 3). Under section 1170.1, subdivision (f), only the greater of the two enhancements could be imposed. As a result, the sentences as to those counts must be reversed and the matter remanded for resentencing. (*People v. Rodriguez, supra*, 47 Cal.4th at p. 509; see *People v. Gonzalez* (2009) 178 Cal.App.4th 1325, 1329–1330 [101 Cal.Rptr.3d 135].)

The trial court also erred in sentencing defendant under section 186.22, subdivision (b)(1)(C) to only five years on count 2 and only one year eight months on count 5. Section 186.22, subdivision (b)(1)(C) states, "If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years." The semiautomatic firearm assaults, counts 2 and 5, qualified as violent felonies under section 667.5, subdivision (c)(8), because defendant "use[d] a firearm which use has been charged and proved as provided in . . . [s]ection 12022.5 . . . ." Because counts 2 and 5 were violent felonies, the 10-year term in section 186.22, subdivision (b)(1)(C) applied.

■ The trial court awarded defendant one day too few custody credits. He was in presentence custody for 289 days. Therefore, he is entitled to 43 days of conduct credit instead of the 42 he was awarded. Upon resentencing, presentence credits are to be calculated in compliance with *In re Martinez* (2003) 30 Cal.4th 29, 31–37 [131 Cal.Rptr.2d 921, 65 P.3d 411]. (See 3 Witkin & Epstein, Cal. Criminal Law (2011 supp.) Punishment, § 390, pp. 338–339.)

The judgment of conviction of two counts of firearm assault is reversed. The matter is remanded for resentencing on the assault with a semiautomatic firearm counts. Upon remittitur issuance, defendant is to be resentenced on the semiautomatic firearm assault counts. The trial court is to calculate presentence credits in accord with the authority cited in the immediately preceding paragraph. The judgment is affirmed in all other respects. Following resentencing, the superior court clerk shall prepare an amended abstract of judgment and deliver a copy to the Department of Corrections and Rehabilitation.

Armstrong, J., and Mosk, J., concurred.