Filed 12/27/13  P. v. Blakely CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KEZDREN BLAKELY,<br><br>    Defendant and Appellant. | F066024<br><br>(Super. Ct. No. BF137605A)<br><br><br>**OPINION** |

-ooOoo-

<u>**THE COURT**</u>[*]

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Kari Ricci Mueller, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P.J., Poochigian, J. and Oakley, J.[†]

[†]    Judge of the Madera Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Defendant Kezdren Blakely was convicted by jury of first degree attempted murder, assault with a firearm, assault with a semiautomatic firearm, and active participation in a criminal street gang. The trial court sentenced defendant on the attempted murder count to seven years to life in prison, plus 25 years for a firearm enhancement, and stayed terms on the remaining three counts.

On appeal, defendant asserts that his conviction for assault with a firearm (Pen. Code, § 245, subd. (a)(2)) cannot stand because it is a necessarily included offense of assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b)). The People concede, and we agree.

In California, it has long been held that multiple convictions may not be based on necessarily included offenses. (*People v. Pearson* (1986) 42 Cal.3d 351, 355.) A defendant may not stand convicted of both a lesser included crime and the greater crime, based on a single act. (See *People v. Montoya* (2004) 33 Cal.4th 1031, 1034 [a judicially created exception to Pen. Code, § 954, which permits multiple convictions for different offenses based on the same conduct].) When multiple convictions are based on necessarily included offenses, the conviction for the greater offense is controlling, and the conviction for the lesser offense must be reversed. (*People v. Pearson, supra,* at p. 355.)

"There are two tests for determining whether one offense is necessarily included in another: the 'elements' test and the 'accusatory pleading' test. [Citation.]" (*People v. Ramirez* (2009) 45 Cal.4th 980, 984-985.) Both tests are used in determining whether a defendant received adequate notice of the charges against him and may therefore be convicted of an uncharged crime, but only the elements test is used in determining whether a defendant may be convicted of multiple charged crimes. (*People v. Reed* (2006) 38 Cal.4th 1224, 1229-1230.) Under the elements test, we look strictly to the statutory elements of the offenses, not to the facts of the case. (*People v. Ramirez, supra,* at p. 985.) We ask whether ""all the legal ingredients of the corpus delicti of the lesser offense [are] included in the elements of the greater offense." [Citation.]' [Citations.]"

(*People v. Lopez* (1998) 19 Cal.4th 282, 288.)  In other words, "if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.  [Citations.]"  (*Ibid*.)  "A semiautomatic firearm assault cannot be committed without also committing a firearm assault.  Therefore, firearm assault is a lesser included offense of a semiautomatic firearm assault.  [Citations.]"  (*People v. Martinez* (2012) 208 Cal.App.4th 197, 199.)

Accordingly, because assault with a semiautomatic firearm contains all of the elements of assault with a firearm, and because both convictions were predicated on the same act of shooting, we must reverse the assault with a firearm conviction.

## DISPOSITION

The conviction for assault with a firearm (count 2) is reversed.  In all other respects, the judgment is affirmed.  The trial court is directed to amend the abstract of judgment and forward a copy to the appropriate entities.