Filed 6/22/15  P. v.Johnson CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN DEWAYNE JOHNSON,<br><br>    Defendant and Appellant. | B259763<br><br>(Los Angeles County<br>Super. Ct. No. BA347163)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

The opinion filed on June 17, 2015, is modified as follows:

On page 3, line 10, change "codefendants to consecutive life terms" to "codefendants to concurrent life terms"


_____          _____
TURNER, P.J.                                              KRIEGLER, J.

Filed 6/17/15  P. v. Johnson CA2/5 (unmodified version)
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B259763 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA347163) |
| v. | |
| KEVIN DEWAYNE JOHNSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig Elliott Veals, Judge.  Remanded for resentencing.

David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

A jury convicted defendant, Kevin Dewayne Johnson, of three counts of willful, deliberate, premeditated attempted murder (Penal Code, §§ 664, 187, subd. (a))[1] and three counts of assault with a firearm (§ 245, subd. (a)(2)). The jury further found defendant: personally and intentionally used a firearm in the commission of the attempted murders (§ 12022.53, subd. (d)); personally used a firearm in the commission of the assaults (§ 12022.5, subd. (a)); and committed the crimes to benefit a criminal street gang (§§ 186.22, subd. (b)(1)(C).) Defendant was initially sentenced to 96 years to life in state prison: three consecutive life terms for the attempted murders; three consecutive 25-year-to-life terms under section 12022.53, subdivision (d); three years for each firearm assault count enhanced by 10 years under section 186.22, subdivision (b)(1)(C), and four years under section 12022.5. The trial court stayed the consecutive firearm assault sentences pursuant to section 654. This is defendant's second appeal from the judgment. Defendant appeals following resentencing.

# II. THE PRIOR APPEAL

In the prior appeal (*People v. Johnson* (December 4, 2012, B231891) [nonpub. opn.]), we held in part, with respect to the three consecutive life terms, that defendant was subject to a 15-year minimum parole eligibility period rather than 7 years. (§ 186.22, subd. (b)(5); *People v. Lopez* (2005) 34 Cal.4th 1002, 1004; *People v. Montes* (2003) 31 Cal.4th 350, 361, fn. 14.) (*People v. Johnson, supra,* typed opn. at p. 11.) We further held that under section 1170.1, subdivision (f), and *People v. Rodriguez* (2009) 47 Cal.4th 501, 508, the trial court improperly enhanced the three firearm assault counts for both personal firearm use (§ 12022.5, subd. (a)) and committing a violent felony to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)). We held: "As a result, the

---

[1] Further statutory references are to the Penal Code unless otherwise noted.

sentences on the three aggravated assault counts must be reversed.  Upon remittitur issuance, Mr. Johnson is to be resentenced on the aggravated assault counts." (*People v. Johnson, supra,* typed opn. at p. 15.)  In our disposition we directed, "The sentence imposed on defendant . . . is reversed and remanded for resentencing with respect to the three firearm assault counts." (*Id.,* typed opn. at p. 17.)  With respect to two co-defendants, both of whom were minors when they committed the offenses, we remanded for resentencing pursuant to *People v. Caballero* (2012) 55 Cal.4th 262, 268-269. (*People v. Johnson, supra,* typed opn. at pp. 12-13.)

At the resentencing hearing, the trial court stated it intended to resentence the codefendants to consecutive life terms for attempted murder.  The trial court further stated it would "seriously consider" resentencing defendant on the attempted murder counts if it had the authority to do so.  The trial court concluded, however, that it had authority to resentence defendant on the firearm assault counts only and it had no authority to restructure defendant's entire sentence.

On appeal, defendant argues the trial court erred in concluding it had no authority to restructure defendant's entire sentence.  We agree.  Our remand language was not intended to limit the trial court's resentencing authority.  It was not intended to restrict the trial court's authority to restructure its sentencing choices. (See *People v. Rodriguez* (2009) 47 Cal.4th 501, 509; *People v. Martinez* (2012) 208 Cal.App.4th 197, 199-200.) Accordingly, we will once again remand the matter for resentencing.

## IV.  DISPOSITION

The matter is remanded for resentencing.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.


We concur:



MOSK, J.



KRIEGLER, J.