NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-50236 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 5:19-cr-00283-RGK-1 |
| | 5:19-cr-00283-RGK |
| VINCENT JAMES SANCHEZ, AKA Vincent Sanches, AKA Enrique Sanchez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted November 17, 2021
Pasadena, California

Before:  WARDLAW, PARKER,** and HURWITZ, Circuit Judges.

Vincent Sanchez was convicted for being a felon in possession of a firearm,

in violation of 18 U.S.C. § 922(g)(1).  In sentencing, the district court found that

Sanchez's prior conviction for assault with a semi-automatic firearm under

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

California Penal Code § 245(b) was a "crime of violence" under U.S.S.G. § 4B1.2(a)(1). Sanchez challenges that finding, but we affirm the sentence.

1. We have long held that assaults under other subdivisions of California Penal Code § 245 are categorically crimes of violence. *See United States v. Heron-Salinas*, 566 F.3d 898, 899 (9th Cir. 2009) (involving assault with a firearm in violation of California Penal Code § 245(a)(2)); *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009) (involving assault with a deadly weapon other than a firearm in violation of California Penal Code § 245(a)(1)). Under those cases, assault with a semi-automatic firearm in violation of § 245(b) is plainly also a crime of violence. *See People v. Martinez*, 208 Cal. App. 4th 197, 199 (2012) (explaining that the elements necessary for conviction under § 245(b) are the same as § 245(a)(2) except that subsection (b) requires the weapon to be a "semiautomatic firearm," while (a)(2) includes any "firearm").

2. Sanchez argues, however, that the Supreme Court's recent decision in *Borden v. United States*, 141 S. Ct. 1817 (2021), abrogates our precedent. We disagree. *Borden* held that a criminal offense is not a violent felony under the Armed Career Criminal Act ("ACCA")[1] "if it requires only a *mens rea* of recklessness—a less culpable mental state than purpose or knowledge." *Id.* at 1821–22. The *Borden*

---

[1] The "violent felony" elements clause of the ACCA is identical to the elements clause of the "crime of violence" Guidelines provision at issue here. *Compare* 18 U.S.C. § 924(e)(2)(B)(i), *with* U.S.S.G. § 4B1.2(a)(1).

plurality explained that this requirement is rooted in the definition of the generic federal crime provision that requires force be used "against" a person in a targeted way that is "opposed to or directed at another." *Id.* at 1827. Conviction for assault under California law requires proof that a defendant's conduct was targeted or directed at the person of another with a *mens rea* greater than recklessness. *See* Cal. Penal Code § 240 ("An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."); *People v. Williams*, 26 Cal. 4th 779, 790 (2001) (requiring "an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another"). *Borden* does not require more. *See Amaya v. Garland*, 15 F.4th 976, 983 (9th Cir. 2021) (quoting *Borden*, 141 S. Ct. at 1826) (noting that, under *Borden*, the ACCA definition of a violent felony "covers purposeful and *knowing* acts," and rejecting the argument that a crime of violence requires proof of specific intent).

    **AFFIRMED.**

3