NOT FOR PUBLICATION

FILED

FEB 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONEL SANCHEZ LAGUNAS, | No. 21-216 |
| Petitioner, | Agency No. A070-014-806 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2024[**]
San Francisco, California

Before: MILLER, BADE, and VANDYKE, Circuit Judges.

Leonel Sanchez Lagunas, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals dismissing his appeal

from an immigration judge's decision denying his requests for adjustment of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

status, a waiver of inadmissibility under 8 U.S.C. § 1182(h), asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we dismiss the petition in part and deny it in part.

1. An alien convicted of a "particularly serious crime" is categorically ineligible for asylum relief. 8 U.S.C. § 1158(b)(2)(A)(ii); 8 U.S.C. § 1231(b)(3)(B)(ii); *see Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019). "For purposes of asylum, an aggravated felony is *per se* a particularly serious crime." *Flores-Vega*, 932 F.3d at 884. The term "aggravated felony" includes "a crime of violence . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). Applying the categorical approach set out in *Taylor v. United States*, 495 U.S. 575, 602 (1990), "[w]e review de novo whether a conviction qualifies as a crime of violence." *Flores-Vega*, 932 F.3d at 882.

In 2017, Sanchez was convicted of assault with a semiautomatic firearm, in violation of California Penal Code section 245(b), and was sentenced to six years of imprisonment. The Board determined that his conviction was for an aggravated felony and a crime of violence.

We have repeatedly held that assault under California Penal Code section 245(a)(2) is "categorically a 'crime of violence' and an 'aggravated felony' for immigration purposes." *United States v. Heron-Salinas*, 566 F.3d 898, 899 (9th

Cir. 2009) (per curiam); *see United States v. Grajeda*, 581 F.3d 1186, 1196–97 (9th Cir. 2009) (recognizing our holding in *Heron-Salinas* and applying it to section 245(a)(1)). The elements of section 245(b) are the same as those of section 245(a)(2), with a single exception: Section 245(a)(2) applies to assault with a firearm of any kind, whereas section 245(b) applies to assault with a semiautomatic firearm. *A fortiori*, assault under section 245(b) is also a crime of violence. *See People v. Martinez*, 145 Cal. Rptr. 3d 141, 142 (Cal. Ct. App. 2012) ("A semiautomatic firearm assault cannot be committed without also committing a firearm assault. Therefore, firearm assault is a lesser included offense of a semiautomatic firearm assault.").

Sanchez notes that section 245 was amended in 2011 and argues that our prior analysis of the statute is no longer valid. But the amendment on which Sanchez relies did not alter the language of either section 245(a)(2) or section 245(b). *See United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1068 n.8 (9th Cir. 2018) (noting that the 2011 amendment only moved language from section 245(a)(1) into "a newly-created subsection (a)(4)"). The 2011 amendment therefore does not undermine our prior holdings.

2. An alien convicted of a "particularly serious crime" is barred from withholding of removal. 8 U.S.C. § 1158(b)(2)(A)(ii); 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2); *see Flores-Vega*, 932 F.3d at 884.

We "review for abuse of discretion the [Board's] conclusion that an offense constitutes a particularly serious crime." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015).

"All aggravated felonies are categorically particularly serious crimes for the purposes of asylum, but only aggravated felonies for which the alien was sentenced to at least five years' imprisonment are categorically particularly serious for the purposes of withholding of removal." *Blandino-Medina v. Holder*, 712 F.3d 1338, 1346 (9th Cir. 2013). Because Sanchez was sentenced to six years of imprisonment, he is ineligible for withholding of removal. *See Mairena v. Barr*, 917 F.3d 1119, 1124 (9th Cir. 2019).

3. Substantial evidence supports the Board's denial of Sanchez's application for CAT relief. "Under the substantial evidence standard, [we] uphold[] the [Board's] determination unless the evidence in the record compels a contrary conclusion." *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007).

To receive deferral of removal under the CAT, Sanchez must establish that "it is more likely than not that he . . . would be tortured if removed." 8 C.F.R. § 1208.16(c)(2); *see* 8 C.F.R. § 1208.17(a); *Benedicto v. Garland*, 12 F.4th 1049, 1063 (9th Cir. 2021). But Sanchez's claim rests entirely on speculative future harms, including possible extortion and mistreatment at the hands of gangs, cartels, and local police. The record lacks any "particularized threat of torture." *Lanza v.*

*Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004) (quoting *Castellano-Chacon v. INS*, 341 F.3d 533, 551 (6th Cir. 2003)); *see Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Therefore, the record does not compel us to conclude that Sanchez is more likely than not to be tortured if removed to Mexico.

4. At his discretion, the Attorney General may waive the inadmissibility of certain criminal aliens if "it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien." 8 U.S.C. § 1182(h)(1)(B). We lack jurisdiction to review a discretionary denial of a waiver under section 1182(h) "unless the petition raises a cognizable legal or constitutional question concerning that determination." *Mejia v. Gonzales*, 499 F.3d 991, 999 (9th Cir. 2007); *see* 8 U.S.C. § 1252(a)(2)(B)(i). Despite Sanchez's assertions, there are no such questions here. Applying the normal discretionary standard, the Board thoroughly examined the favorable equities and "announce[d] its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004)). We therefore dismiss the petition in relevant part.

The temporary stay of removal will remain in place until issuance of the mandate, and the motion to stay removal (Dkt. No. 3) is otherwise denied.

**PETITION DISMISSED in part and DENIED in part.**