Filed 8/7/24  In re D.P. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re D.P., a Person Coming Under the Juvenile Court Law. | C099474 |
| THE PEOPLE, Plaintiff and Respondent, v. D.P., Defendant and Appellant. | (Super. Ct. No. JJCJVDE20230000474) |

At the jurisdictional hearing, the juvenile court found true that the minor, D.P., assaulted the victim with a semiautomatic firearm, shot at an occupied vehicle, discharged a firearm in a grossly negligent manner, and possessed a firearm and ammunition.  On appeal, the minor argues, and the People concede, the offense of discharging a firearm in a grossly negligent manner is a lesser included offense of shooting at an occupied vehicle and the former true finding should be reversed.  We agree with the parties and order this true finding be reversed.

He also argues substantial evidence does not support the juvenile court's finding that he used a semiautomatic firearm.  We agree and, as a result, order the true finding of

1

assault with a semiautomatic weapon be modified to the lesser included offense of assault with a firearm. The matter is remanded to the juvenile court for a dispositional hearing to recalculate the maximum term of confinement.

## I. BACKGROUND

The People filed an amended petition under Welfare and Institutions Code section 602 alleging seven counts against the minor: attempted murder (Pen. Code,[1] §§ 664/187, subd. (a), count 1); assault with a semiautomatic firearm (§ 245, subd. (b), count 2); shooting at an occupied vehicle (§ 246, count 3); discharging a firearm in a grossly negligent manner (§ 246.3, subd. (a), count 4); possession of a firearm by a minor (§ 29610, count 5); possession of ammunition by a minor (§ 29650, count 6); and criminal street gang activity (§ 186.22, subd. (a), count 7). The petition alleged additional enhancements that are not at issue here. Upon motion of the prosecutor, the juvenile court dismissed the criminal street gang activity count.

At the jurisdictional hearing, two women testified they were in a car traveling down Elm Street when they heard a single gunshot. Neither the passenger nor the driver saw the shooter. The passenger felt an immediate pain and said she thought she had been shot. The driver pulled over and looked for a gunshot wound but could not find one. She drove on only to pull over a second time to look for a wound but still could not find one. The driver took the passenger to the hospital where the driver discovered a bullet hole in the passenger's back. When the driver went to her car, she further discovered a single bullet hole through the trunk of the car.

A witness to the shooting testified he heard "five to ten -- five or six" gunshots. He went to the door and saw the minor shoot about five shots from a gun. When asked, he said the shots came in a rapid succession that sounded like "[b]oom, boom, boom" as opposed to a more intermittent pattern. Those were the only shots he heard that night.

---

[1] Further undesignated statutory references are to the Penal Code.

The witness could not see what kind of gun it was or what color it was because it was too dark. On cross-examination, the witness claimed he heard the sounds when he was inside a house. He said it took about three minutes from the time he heard the shots until he opened the door. On redirect, he said he opened the door about six seconds after he heard the first shot.

Officers responded to the report of shots fired. They located 24 nine-millimeter shell casings on the street when they arrived. The police apprehended the minor approximately five yards from the location of the spent shells. There is no description in the record as to how the shells were distributed on the ground or any other information about their characteristics, or any testimony about the nature of semiautomatic firearms. Police officers placed the minor in a police car. Prior to placing the minor in the car, there were no shells in front of the car door. But after the police officers removed the minor from the car, officers found a single shell on the ground in that location.

The minor's grandmother and his sister testified they heard gunshots the night of the shooting. Both claimed the minor was in the house with them at the time. The grandmother testified she heard popping noises, a "few shots continuous after each other," but could not describe how many.

The minor's mother also heard the gunshots. She claimed the shots sounded "like a rattler, like a tin can with beans in there just shaking." She could not tell how many shots were fired. She also claimed her son was in the house with her at the time of the shooting.

After arguments by the parties, the juvenile court found counts 2 through 6 true, but found the attempted murder count not true. The juvenile court also found true the enhancements alleged as to each of those counts. As to the question of the use of a semiautomatic firearm, the court stated, "[t]hen we know that 24 or so casings were found in the area, so a lot of shots. So in terms of that, I believe that it established a semi-automatic high clip or many clips."

The minor filed a timely notice of appeal.

3

## II. DISCUSSION
### 1. *Convictions Under Section 246 and Section 246.3, Subdivision (a)*

The minor first argues the juvenile court's true finding as to count 4 for violating section 246.3 (discharging a firearm in a grossly negligent manner) must be reversed because it is a necessarily included offense of section 246 (discharging a firearm at an inhabited vehicle). The People properly concede and we agree.

"In general, a person may be *convicted* of, although not *punished for*, more than one crime arising out of the same act or course of conduct. 'In California, a single act or course of conduct by a defendant can lead to convictions "of *any number* of the offenses charged." [Citations.] ' Section 954 generally permits multiple conviction." (*People v. Reed* (2006) 38 Cal.4th 1224, 1226-1227.) "A judicially created exception to the general rule permitting multiple conviction 'prohibits multiple convictions based on necessarily included offenses.' [Citation.] '[I]f a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.' " (*Id.* at p. 1227.)

Section 246 provides in pertinent part: "Any person who shall maliciously and willfully discharge a firearm at an inhabited dwelling house, occupied building, occupied motor vehicle, . . . is guilty of a felony . . . ." The elements of this offense are (1) acting willfully and maliciously, and (2) shooting at an occupied vehicle. (See CALCRIM No. 965.)

In turn, section 246.3, subdivision (a) provides: "Except as otherwise authorized by law, any person who willfully discharges a firearm in a grossly negligent manner which could result in injury or death to a person is guilty of a public offense and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment pursuant to subdivision (h) of Section 1170." The elements of this charge are "(1) the defendant unlawfully discharged a firearm; (2) the defendant did so intentionally; (3) the defendant did so in a grossly negligent manner which could result in the injury or death

4

of a person." (*People v. Alonzo* (1993) 13 Cal.App.4th 535, 538; see CALCRIM No. 970.)

"All the elements of section 246.3, subdivision (a) are necessarily included in the more stringent requirements of section 246" and thus, "section 246.3 [subdivision] (a) is a necessarily included lesser offense of section 246." (*People v. Ramirez* (2009) 45 Cal.4th 980, 990.) Thus, we must reverse the juvenile court's true finding on count 4 - - discharging a firearm in a grossly negligent manner.

### 2. *Sufficiency of the Evidence*

The minor next argues there is insufficient evidence to support the juvenile court's finding the minor used a semiautomatic weapon as charged in count 2. We agree.

" ' "When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence -- that is, evidence that is reasonable, credible, and of solid value -- from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." ' " (*People v. Beck and Cruz* (2019) 8 Cal.5th 548, 626.)

Section 245, subdivision (b), states that "[a]ny person who commits an assault upon the person of another with a semiautomatic firearm shall be punished by imprisonment in the state prison for three, six, or nine years." A firearm is any "device, designed to be used as a weapon, from which is expelled through a barrel, a projectile by the force of any explosion or other form of combustion." (§ 16520, subd. (a).) A semiautomatic pistol extracts a fired cartridge and chambers a fresh cartridge with each single pull of the trigger. (§ 17140.) Under CALCRIM No. 875, the People were required to prove, "1. The defendant did an act with . . . a semiautomatic firearm . . . that by its nature would directly and probably result in the application of force to a person; . . . [¶] . . . [¶] 2. The defendant did that act willfully; [¶] 3. When the defendant acted, (he/she) was aware of facts that would lead a reasonable person to realize that (his/her) act by its nature would directly and probably result in the application of force to

5

someone; [¶] [AND] [¶] 4.  When the defendant acted, (he/she) had the present ability to apply force . . . with a semiautomatic firearm . . . to a person."  The only question here is whether there is substantial evidence the minor used a semiautomatic firearm in this case.

The sum total of the evidence in this case is this:  The victim who was shot and the driver of that car heard a single gunshot and did not see the shooter.  The only eyewitness heard and saw the minor fire five to six shots (not 24).  The witness described the shots as being in a rapid succession.  The grandmother heard popping noises, a "few shots continuous after each other," but could not describe how many shots she heard.  The minor's mother heard sounds like beans rattling in a tin can.  In terms of physical evidence, officers found 24 nine-millimeter shell casings on the ground five yards from the minor and a single shell outside the car after he was removed from it.

There is substantial evidence the minor used a gun on the night in question given the eyewitness testimony.  But there is no evidence from which the fact finder could determine the gun was a semiautomatic firearm.  The prosecution neither entered the gun into evidence nor presented any testimony to identify it in any way.  The prosecution neither introduced any magazines that were used in a semiautomatic firearm into evidence nor identified their existence.  No witness testified they saw the gun used in this shooting nor did any witness see the minor with any particular gun before, during, or after the shooting.  The only witness who saw the shooting said it was too dark to see the gun.  No witness (including the two law enforcement officers who testified) testified that nine-millimeter bullets are normally or generally (or even occasionally) fired from semiautomatic firearms or that it appeared to them the shell casings they found on the ground came from a semiautomatic weapon.  There is no evidence presented about the characteristics of a semiautomatic firearm tying the pile of shells on the ground to that type of weapon.  No witness testified there was anything about 24 shell casings that suggested they had been fired and extracted from a semiautomatic weapon.  Finally, there was no evidence that a person can fire a semiautomatic weapon faster than a non-semiautomatic weapon, like a revolver.  The People posit the fact there was a shell on the

6

ground after the minor was removed from the police car means a shell ejected from a semiautomatic weapon and lodged in his clothing, only to dislodge when he was removed. Nothing in the record here supports that theory other than surmise and conjecture, which is not, by definition, substantial evidence.

We are thus left with two dozen shell casings on the ground, a stray shell, the key percipient witness testifying he saw the minor fire five or six shots, and two other witnesses who heard popping noises or rattling noises. This evidence does not rise to a level that is reasonable, credible, and of solid value -- from which a reasonable trier of fact could find the minor guilty beyond a reasonable doubt of using a semiautomatic firearm in this shooting. As a result, we must reverse the juvenile court's true finding on count 2.

Because the only element the minor contested was the use of a semiautomatic firearm in this assault, the People argue the appropriate remedy is to modify the jurisdictional order to reflect a true finding on count 2 to the lesser included offense of assault with a firearm. (§ 245, subd. (a)(2).) We agree.

"Section 1181, subdivision 6 provides that a trial court may grant a new trial '[w]hen the verdict or finding is contrary to law or evidence, but if the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict, finding or judgment accordingly without granting or ordering a new trial, and this power shall extend to any court to which the cause may be appealed . . . .' [¶] Section 1260 provides that '[t]he court may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed . . . and may, if proper, order a new trial and may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances.' " (*People v. Bailey* (2012) 54 Cal.4th 740, 748, fn. 3.) The minor requests that this court exercise its discretion and reverse the true finding, which we decline to do.

Here, the crime of assault with a firearm under section 245, subdivision (a)(2), is a lesser included offense of the assault with a semiautomatic firearm with the existence of a semiautomatic weapon as the only difference between the two charges. (*People v. Martinez* (2012) 208 Cal.App.4th 197, 199.) The juvenile court found true all of the elements of the former charge and the minor challenged only the sufficiency of the evidence he used a semiautomatic firearm. We thus modify the adjudication order to reflect a true finding on count 2 on the lesser included offense of assault with a firearm. (§ 245, subd. (a)(2).)

## III. DISPOSITION

The true finding in the jurisdictional order as to count 4, discharging a firearm in a grossly negligent manner (§ 246.3, subd. (a)), is reversed. The true finding as to count 2 is modified to reflect a true finding on the lesser included offense of assault with a firearm (§ 245, subd. (a)(2)). The case is remanded with directions to hold a dispositional hearing to recalculate the maximum term of confinement.


/s/
WISEMAN, J.*


We concur:


/s/
EARL, P. J.


/s/
DUARTE, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.