Filed 6/26/26  P. v. Bradshaw CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D086806 |
| Plaintiff and Respondent, | (Super. Ct. No. SCS330257) |
| v. | |
| DAVID BRADSHAW, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Enrique Camarena, Judge.  Affirmed in part, reversed in part.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland and Arlene A. Sevidal, Assistant Attorneys General, Christine Y. Friedman and Joshua Trinh, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted David Bradshaw of assault with a semiautomatic firearm (Pen. Code,[1] § 245, subd. (b)), assault with a firearm (§ 245, subd. (a)(2)), and shooting at an occupied motor vehicle (§ 246). Bradshaw contends, and the People concede, the conviction for assault with a firearm must be reversed because it is a lesser included offense of assault with a semiautomatic firearm. We accept the People's concession and reverse the conviction for assault with a firearm. In all other respects, the judgment is affirmed.

## BACKGROUND

In February 2024, Bradshaw travelled to San Diego to visit his girlfriend. He travelled with his gun in his checked bag. On the evening of February 18, Bradshaw and his girlfriend argued over a phone call from another man and Bradshaw's doubts over the paternity of the baby she was expecting. After the argument, Bradshaw decided to return home to Georgia and went to the airport.

Bradshaw then received a text message from Travis W., a friend he had not spoken to in several months. Travis told Bradshaw not to return and the pair exchanged threats and insults. Bradshaw then left the airport, went to the navy base where his girlfriend lived, and found her in her vehicle. He retrieved his suitcase and gun from his girlfriend's room. They got into her car and Bradshaw drove to Travis' apartment complex. Bradshaw wanted to fight Travis. When Travis did not respond to Bradshaw's calls to go outside, Bradshaw fired his gun at Travis' car and drove away. Travis was sitting in his parked car at the time of the shooting. He was not injured.

---

[1] All further undersigned statutory references are to the Penal Code.

The People charged Bradshaw with attempted murder (§§ 664, 187, subd. (a); count 1), kidnapping (§ 207, subd. (a); count 2), assault with a semi-automatic firearm (§ 245, subd. (b); count 3), assault with a firearm (§ 245, subd. (a)(2); count 4), and shooting at an occupied motor vehicle (§ 246; count 5). The information additionally alleged that Bradshaw discharged a firearm (§ 12022.53, subd. (c)) as to counts 1 and 2, that the victim was a person defined in Family Code section 6211 as to count 2 (§ 1203.097, subd. (a)), and that Bradshaw used a firearm as to counts 3 and 4 (§ 12022.5, subd. (a)). The information also alleged several aggravating factors.

A jury found Bradshaw not guilty of attempted murder and kidnapping, but convicted him of assault with a semi-automatic firearm, assault with a firearm, and shooting at an occupied motor vehicle. The jury also found true firearm enhancements as to the two firearm related offenses and in bifurcated proceedings, the court found true two aggravating factors. The trial court sentenced Bradshaw to three years for assault with a semiautomatic firearm plus four years for the firearm enhancement, three years for assault with a firearm plus four years for the firearm enhancement, and three years for shooting at an occupied motor vehicle. The court stayed the punishment for counts 4 and 5.

## DISCUSSION

Bradshaw contends and the People concede that Bradshaw cannot be convicted of both assault with a semiautomatic firearm and the included offense of assault with a firearm. We agree.

" 'Under California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also

3

committing the lesser.'" (*People v. Jennings* (2010) 50 Cal.4th 616, 667–668.) "A defendant cannot be convicted of both an offense and a lesser included offense." (*People v. Martinez* (2012) 208 Cal.App.4th 197, 199.) "If the evidence supports the verdict as to a greater offense, the conviction of that offense is controlling, and the conviction of the lesser offense must be reversed." (*People v. Moran* (1970) 1 Cal.3d 755, 763.)

Here, the greater offense, assault with semiautomatic firearm (§ 245, subd. (b)), includes all the elements of the lesser offense, assault with a firearm (§ 245, subd. (a)(2)). (*People v. Martinez, supra,* 208 Cal.App.4th at p. 199 ["A semiautomatic firearm assault cannot be committed without also committing a firearm assault."].) Therefore, we reverse the conviction on count 4 for assault with a firearm.

## DISPOSITION

Bradshaw's conviction for count 4, assault with a firearm, is reversed. In all other respects, the judgment is affirmed.

HUFFMAN, J.[*]

WE CONCUR:

DATO, Acting P. J.

KELETY, J.

---

[*]     Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.